IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARDA GILLESPIE et al., | No. C-04-2261 MMC |
| Plaintiffs, | **ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS; VACATING HEARING** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO et al., | (Docket No. 62) |
| Defendants. | |

    Before the Court is defendants' motion, filed May 6, 2005, for judgment on the pleadings as to the causes of action asserted by plaintiffs Donald Woolard ("Woolard") and Dennis Quinn ("Quinn") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the California Fair Employment and Housing Act ("FEHA"). As the motion was noticed for hearing June 10, 2005, plaintiffs' opposition was required to be filed no later than May 20, 2005. (See Civil L.R. 7-3(a).) To date, no opposition has been filed.

    Defendants move for judgment on the pleadings on the ground that Woolard and Quinn have failed to exhaust their administrative remedies as to promotions made prior to June 2004. To establish federal subject matter jurisdiction over a Title VII claim, the plaintiff is required to exhaust his administrative remedies with the Equal Employment Opportunity Commission before seeking adjudication of those claims in federal court. See

EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994).  By statute and regulation, an administrative claim under Title VII must be filed with the EEOC no later than 300 days after the alleged unlawful employment practice occurred.  See 42 U.S.C. § 2000e-5(e)(1).  Similarly, before filing a civil lawsuit for violations of FEHA, a plaintiff first must file an administrative charge with the Department of Fair Employment and Housing ("DFEH") within one year of the allegedly discriminatory employment practice, and obtain the DFEH's notice of right to sue.  See Cal. Gov. Code § 12960; Rojo v. Kliger, 52 Cal. 3d 65, 88 (1990).

      Defendants have submitted copies of the administrative charges filed by Woolard and Quinn, in which Woolard and Quinn challenge only promotions made in June 2004.  (See Request for Judicial Notice Exs. A and B.)  In ruling on the instant motion, the Court may consider any document "the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies."  See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998).  As plaintiffs have not opposed the motion, and as Woolard and Quinn's claims for violation of Title VII and FEHA necessarily rely on their administrative charges, the Court will GRANT defendants' request for judicial notice.

      Although plaintiffs allege that they have exhausted their administrative remedies, (see SAC ¶¶ 34, 36), defendants have shown, without contradiction by plaintiffs, that Woolard and Quinn have not exhausted their administrative remedies as to promotions made prior to June 2004.

      Accordingly, defendants' motion for judgment on the pleadings is hereby GRANTED, and the Title VII and FEHA claims asserted by Woolard and Quinn, to the extent based on promotions made prior to June 2004, are hereby DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: June 1, 2005

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge

2