IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK SCHIFF,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants.<br>_____<br>NARDA GILLESPIE et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants.<br>_____<br>MARK OSUNA,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants.<br>_____/ | No. C-03-4345 MMC<br>No. C-04-2261 MMC<br>No. C-04-2262 MMC<br><br>**ORDER GRANTING PLAINTIFFS' RULE 56(F) REQUEST TO CONTINUE HEARING ON DEFENDANT FRED LAU'S MOTION FOR SUMMARY ADJUDICATION** |

Before the Court is the motion for summary adjudication on the issue of qualified immunity, filed September 1, 2005 by defendant Fred Lau ("Lau"), a former San Francisco Chief of Police. The motion is scheduled to be heard October 28, 2005. In plaintiffs' joint opposition to the motion, they seek a continuance of the hearing, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. In particular, plaintiffs state they need additional time to depose current San Francisco Chief of Police Heather Fong, former San Francisco Chief of Police Alex Fagan ("Fagan"), and certain unnamed members of the Police Officers Association ("POA") and Officers For Justice ("OFJ"), in order to further explore and, if available, obtain admissible evidence relating to deposition testimony recently obtained from Captain Rick Bruce ("Bruce") that Fagan told him Lau had made a deal with the POA and OFJ by which African-American candidates for Lieutenant would be promoted before non-African-American candidates. Specifically, Captain Bruce testified that Fagan told him that Lau, the POA, and the OFJ had "agreed that the first 25 appointments would be . . . made in rank order, so long as once the band opened up, all of the African-American candidates were appointed at the front of the band." (See Bruce Dep. at 25:9-15 (attached to Plaintiffs' Joint Opp.)). Bruce also testified it was his understanding that the number of rank order appointments "was negotiated with input from statistical experts," taking into account the number of African-American candidates that would be included in the band from which the remainder of the appointments would be made. (See id. at 29:21-32:5.)

For good cause shown, plaintiffs' request for a Rule 56(f) continuance is hereby GRANTED, and the hearing scheduled for October 28, 2005 is hereby VACATED. The parties shall meet and confer within seven days of the date of this order to schedule the necessary depositions and to attempt to agree on a briefing and hearing schedule. No later than ten days from the date of this order, the parties shall file (1) a stipulated deposition schedule, and either (2) a stipulated proposed schedule for filing, briefing, and hearing an amended motion for summary adjudication, or (3) a stipulated proposed schedule for filing amended opposition and reply briefs in response to the currently-filed

1 | motion, and for the hearing thereon.
2 | **IT IS SO ORDERED.**
3 | Dated: October 18, 2005

MAXINE M. CHESNEY
United States District Judge